**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

EARL BUTLER,

*Plaintiff-Appellant,*

v.

DERRAL G. ADAMS; T. SURGES; C.
R. HUBBLE; E. CASTELLO,

*Defendants,*

and

LINDA L. RIANDA; D. DUVALL;
GEORGE M. GALAZA, Warden,

*Defendants-Appellees.*

No. 04-15478

D.C. No.
CV-02-05765-
AWI/TAG

OPINION

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Argued and Submitted
January 10, 2005—San Francisco, California

Filed February 7, 2005

Before: John T. Noonan, A. Wallace Tashima, and
Consuelo M. Callahan, Circuit Judges.

Opinion by Judge Noonan

**COUNSEL**

Jean M. Hobler, Sacramento, California, for the plaintiff-appellant.

Jonathan L. Wolff, Deputy Attorney General, San Francisco, California, for the defendants-appellees.

**OPINION**

NOONAN, Circuit Judge:

Earl Butler appeals the dismissal of his action under the American with Disabilities Act (the ADA) against California prison officials for failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1996, 42 U.S.C. § 1997e(a) (the PLRA). Holding that Butler complied with the grievance procedure afforded him by the state for ADA complaints, we reverse and remand.

FACTS

For the purposes of this appeal we take the allegations in Butler's complaint as true. They are as follows:

Earl Butler is a prisoner incarcerated at the California Substance Abuse Treatment Facility and State Prison in Corcoran, California. His eyesight is impaired. At the prison, there was no Inmate Assistance Program to aid him to go to the dining hall, the law library, religious services, prison self-help activities, or medical appointments. There were no Braille pro-

grams and no legal technical assistant to help him. There were no railings he could use in moving to the restroom, shower room, day room, or telephone. Butler injured himself by hitting the water fountain on his way to the restroom. He hurt his head and back by slipping on soap in the shower. He broke a tooth walking into a wall on his way to the shower. He continues to injure himself because of the lack of railings.

## PROCEDURE

On August 28, 2001, Butler filed with prison authorities a form entitled "Reasonable Modification Or Accommodation Request," noting that he was blind and needed help in performing all of his "everyday functions, such as getting to and from the dining room, or library, reading correspondence or posted memorandums." Butler was interviewed and his request denied on September 2001. He was told that it was his responsibility "to request assistance from staff." Butler appealed to the second level of review, stating, "I am totally blind;" asserting that he was denied "the benefits and services" of 42 U.S.C. § 12102; and repeating his request for reasonable accommodation. On November 9, 2001, the warden informed him that inmates had been observed assisting him to meals, in the dayroom, and on the yard; that railings very near his bed provided guidance to the toilet and shower; that he had legal technical assistance; and that he could ask for "more intensive assistance." Butler's appeal was denied. On January 14, 2002, Butler's appeal to the third level of review was denied by the chief of the Inmate Appeals Branch of the Department of Corrections; the denial essentially repeated the conclusions reached by the warden.

On September 10, 2002, Butler filed his second amended complaint setting out the allegations recited above under "Facts." Butler's Eighth Amendment case was dismissed as were his charges against several named defendants. On January 3, 2003, Butler notified the court that he intended to proceed on the ADA claim alone. The defendants moved to

dismiss under 42 U.S.C. § 1997e(a). The case was referred to a magistrate judge. On Dec 3, 2003, the magistrate judge ruled that Butler had sufficiently grieved the "statutory violation," but that "the appeal does not appear to put defendants on notice of plaintiff's allegations against defendants." The defendants were not members of the custodial staff nor members of the health care staff. Two defendants were appeals coordinators; one was a program analyst; and one was "staff services manager." The magistrate judge concluded: "defendants possessed only a general knowledge of plaintiff's statutory claims against the institution; defendants lacked specific notice of plaintiff's statutory claims against them. Therefore, the plaintiff has failed to exhaust the claim at issue in this action." The district court adopted the recommendation of the magistrate judge to dismiss the case, and the clerk was ordered to close the file.

Butler appeals.

## ANALYSIS

*Jurisdiction*. The district court in dismissing the complaint did not use the magic words "with prejudice" that proclaim a final judgment, without which we have no appellate jurisdiction. Nonetheless, we construe the court's action as a final judgment because Butler has no way of curing the defect found by the court: there is no indication he could begin a new administrative process in the prison. *Strong v. David*, 297 F.3d 646, 648 (7th Cir. 2002).

[1] *Exhaustion*. The PLRA provides:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined to any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

**[2]** The statute requires the prisoner to use the administrative process that the state provides. *Strong*, 297 F.3d at 650. In our case, the state provided the form titled "Reasonable Modification Or Accommodation Request." The form asked Butler to describe his disability, to "describe the problem" and to declare "what specific modification or accommodation is requested." The form did not require identification of any specific persons.

**[3]** Butler completed the form. Doing so, he availed himself of the administrative process the state gave him. The PLRA does not require more. Completion of the form, followed by Butler taking all the steps of the administrative appeals process, achieved the purposes of the PLRA's exhaustion requirement as authoritatively set out in *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). Compliance with the PLRA was complete.

The judgment of the district court is REVERSED and the case is REMANDED.