**Clarence DANIELS, Plaintiff— Appellant,**

v.

**CALIFORNIA DEPARTMENT OF CORRECTIONS, Defendant— Appellee.**

No. 04–16550.

D.C. No. CV–03–04835–CRB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2005.

Decided Feb. 16, 2005.

Clarence Daniels, Vacaville, CA, for Plaintiff–Appellant.

Sanford Svetcov, Lerach Coughlin Stoia Robbins LLP, Bradley A. Solomon, Office of the California Attorney General, San Francisco, CA, for Defendant–Appellee.

Before D.W. NELSON, W. FLETCHER and FISHER, Circuit Judges.

### MEMORANDUM *

California state prisoner Clarence Roy Daniels brought a 42 U.S.C. § 1983 action against prison doctors. Daniels alleges that the doctors were deliberately indifferent for over one year to his pleas for medical care for his continuing throat pain. Upon being transferred to another prison, Daniels was diagnosed with throat cancer

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

and his voice box, part of his tongue and neck muscles were surgically removed. The district court dismissed Daniels' claims against the doctors, finding that because he did not name the individual doctor-defendants in his administrative appeals he failed to exhaust his administrative remedies under the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e. Daniels appeals the district court's dismissal. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand to the district court for adjudication on the merits of Daniels' claim.

Under the PLRA, an inmate is required to use the administrative process that the state provides in order to exhaust his administrative remedies. *See Butler v. Adams,* 397 F.3d 1181, 1183 (9th Cir.2005). In preparing an administrative appeal, California regulations provide that "[t]he appellant shall use a CDC Form 602 (rev. 12–87), Inmate/Parolee Appeal Form, to describe the problem and action requested." *See* Cal.Code Regs. tit. 15, § 3084.2(a). The applicable CDC form does not require identification of any specific persons. Daniels completed the form and described the problem and the action requested. "Doing so, he availed himself of the administrative process the state gave him. The PLRA does not require more." *Butler,* 397 F.3d at 1183. Accordingly, we must reverse the district court's judgment that Daniels failed to exhaust his administrative remedies by failing to name Drs. Lucine and Becker. Daniels has properly exhausted his administrative remedies under the PLRA.

**REVERSED** and **REMANDED.** The mandate shall issue forthwith.