NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 28 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

YE JIANG; et al.,

      Plaintiffs-Appellants,

 and

EISAKU KATO,

      Plaintiff,

v.

ZHONG FANG, AKA Johnson Fang; et al.,

      Defendants-Appellees.

No.   21-16292

D.C. No.
1:20-cv-00100-JAO-KJM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaii
Jill Otake, District Judge, Presiding

Submitted September 22, 2023[**]

Before:  SCHROEDER, RAWLINSON and BRESS, Circuit Judges.

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Ye Jiang, et al. (Appellants) appeal the district court's dismissal of their First Amended Verified Complaint (FAVC)[1] alleging securities fraud and various other claims against Zhong Fang, et al. (Appellees). Appellants also appeal the denial of their third motion for leave to file a Second Amended Verified Complaint (SAVC). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"We review a district court's dismissal under Rule 12(b)(1) for lack of standing de novo. . . ." *Unified Data Servs., LLC v. Fed. Trade Comm'n*, 39 F.4th 1200, 1209 (9th Cir. 2022) (citations omitted). "We review the denial of a motion for leave to amend under the deferential abuse of discretion standard . . ." *Nat'l Ass'n for the Advancement of Multijurisdiction Prac. v. Berch*, 773 F.3d 1037, 1049 (9th Cir. 2014) (citation omitted).

**1.**	We agree with the district court that Appellants failed to adequately plead standing. Appellants failed to demonstrate (1) "an injury in fact," (2) that is "concrete and particularized . . . and [] actual or imminent, [but] not conjectural or hypothetical," (3) "fairly traceable to the challenged action of the defendant[s]," which (4) "likely . . . will be redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992) (citations, alterations, and internal quotation

---

[1] Appellants' FAVC became the operative complaint after the district court struck Appellants' Revised First Amended Verified Complaint, and affirmed the magistrate judge's denial with prejudice of Appellants' third motion for leave to file their Second Amended Verified Complaint.

marks omitted). Appellants equivocally alleged that "[t]he investment funds might have . . . *possibly* been used by the Fang family to purchase a multiple-million dollar house in L.A. and an over one million dollar house in Honolulu;" that two investors "received temporary green cards which *potentially* will be revoked;" that "the projects in California are *possibly* all under the water;" and that "Defendants misconducts [sic] have caused the subject projects to . . . *potentially* become impracticable, impossible, and failed." These allegations were inadequate to plausibly allege an injury in fact. *See Lopez v. Candaele*, 630 F.3d 775, 786 (9th Cir. 2010), *as amended* ("The touchstone for determining injury in fact is whether the plaintiff has suffered an injury or threat of injury that is credible, not imaginary or speculative.") (citation and internal quotation marks omitted); *see also Nasby v. Nevada*, 79 F.4th 1052, 1056 (9th Cir. 2023) ("Standing requires, as relevant here, an injury in fact . . .") (citation and internal quotation marks omitted). Moreover, as the district court correctly explained, in their prolix complaint, "Plaintiffs provide no information about their individuals roles or how they were harmed by Defendants."

2.    Appellants received six opportunities to cure deficiencies in their SAVC. We have consistently affirmed a denial of leave to amend when Appellants were provided multiple chances to correct pleading defects. *See Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1060 n.4, 1072

3

(9th Cir. 2008), *as amended* (concluding that the district court did not abuse its discretion when prior amendments failed to cure deficiencies in the complaint).

**3.**     The district court did not err by declining to review the exhibits attached to Appellants' objection to the Magistrate Judge's order denying leave to amend.  Under our precedent, "a district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation."  *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000).

**AFFIRMED.**