NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 25 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

DONNIE LEE STANDLEY,

Plaintiff-Appellant,

v.

STATE OF MONTANA; MONTANA
STATE PRISON; CORE CIVIC CCA/CCC;
MONTANA STATE PRISON, Warden;
BLUDWORTH; JANE/JOHN DOE, No.2;
KANYA/ALSTAD; UNKNOWN GUARDS,
No. 1; UNKNOWN GUARDS, No. 2;
CRISTIANS; CROWDER,

Defendants,

HENSON; HERKENHOFF; KLOOS;
MUNSON; SCARENTAVOS; SIMONS;
SMITHERMAN; STROMBERG,

Defendants,

VINES; WANDLAR; WINNY D.; YORK;
DURHAM; JOHN/JANE DOE, No. 3;
JOHN/JANE DOE, No. 4; JOHN/JANE
DOE, No. 5; JOHN/JANE DOE, No. 6,

Defendants,

and

No.    22-35824

D.C. No. 4:21-cv-00022-BMM

MEMORANDUM*

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

DEVERA,

                Defendant-Appellee,

TILLMAN,

                Defendant-Appellee.

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted March 21, 2024[**]
San Francisco, California

Before: FRIEDLAND, SANCHEZ, and H.A. THOMAS, Circuit Judges.

Donnie Lee Standley appeals the district court's dismissal of his claims and grant of summary judgment and judgment on the pleadings to the defendants. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, grant of judgment on the pleadings and dismissal of Standley's claims in a screening order, construing Standley's filings liberally. *Soto v. Sweetman*, 882 F.3d 865, 869, 872 (9th Cir. 2018); *Parker v. County of Riverside*, 78 F.4th 1109, 1112 (9th Cir. 2023) (per curiam); *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014). We affirm in part, reverse in part, and remand

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

for further proceedings on Standley's claim that prison officials destroyed mail from his father.[1]

1. Standley challenges the district court's dismissal of his claim that prison officials seized legal documents and evidence from him upon his entry into Montana State Prison (MSP) on December 20, 2017, then destroyed those documents and evidence. Standley's complaint, however, was not filed until February 2021. His claim was subject to a three-year statute of limitations. *See Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015) (explaining that a claim under 42 U.S.C. § 1983 is subject to the forum state's statute of limitations for personal injury claims); Mont. Code Ann. § 27–2–204(1) (providing a three-year statute of limitations for most claims). The district court therefore appropriately dismissed this claim as barred by the statute of limitations.

Standley also submitted an amended complaint alleging that defendant Kloos retaliated against him for filing his initial complaint by, among other acts, destroying more legal documents and placing him in the Restricted Housing Unit.

---

[1] Standley moves for default judgment on the ground that the defendants did not timely file their answering brief. The defendants timely filed their answering brief, however, on May 24, 2023. Standley's motion for default judgment (Dkt. No. 30) is accordingly **DENIED**.

By this point in the proceedings, however, Kloos was no longer a party.[2] The district court therefore appropriately declined to join Kloos to the action because Standley's claims do not seek liability "jointly, severally, or in the alternative" against Kloos and do not arise out of the same "transaction" or "occurrence" as the claims Standley initially stated. *See* Fed. R. Civ. P. 20(a)(2)(A); *see also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (explaining that, under the Prison Litigation Reform Act and the Federal Rules of Civil Procedure, "[u]nrelated claims against different defendants belong in different suits").

2. Standley appeals the district court's dismissal of and grant of judgment on the pleadings to the defendants on his claims that the defendants violated his right of access to the courts by failing to provide sufficient access to professional legal assistance, a law library, legal research tools and a typewriter, among other alleged deficiencies. To state a claim for deprivation of the right of access to the courts, a plaintiff must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). "The hindered claim must also be 'nonfrivolous,' as '[d]epriving someone of a frivolous claim . . . deprives him of nothing at all . . . .'"

---

[2] Although Standley named Kloos as a defendant in his original complaint, the district court dismissed Kloos in a screening order because the complaint contained no allegations against Kloos that stated a claim. Standley does not appeal the dismissal of Kloos from his original complaint or argue on appeal that this complaint stated a claim against Kloos.

4

*Nasby v. Nevada*, 79 F.4th 1052, 1056 (9th Cir. 2023) (quoting *Lewis*, 518 U.S. at 353 n.3).

Standley does not explain how the issues he complains of prevented him from bringing a potentially meritorious claim. Standley argues that, because of these issues and his learning disability,[3] he was unable to bring a successful state post-conviction petition. He emphasizes that Montana courts rejected some of his claims because the claims were "not support[ed] . . . with legal analysis, legal citations, or evidence." *Standley v. State*, 524 P.3d 75, 2023 WL 1989058, at *3 (Mont. Feb. 14, 2023). But Standley does not explain what successful claims he could have brought or how additional access to legal resources would have enabled him to bring an arguably meritorious challenge. *See Nasby*, 79 F.4th at 1056. The district court therefore appropriately dismissed these claims.

3. Standley appeals the district court's dismissal of his claim that he was unable to call on the prison phone a witness material to his post-conviction challenges, because the witness's phone number was blocked. A claim under 42 U.S.C. § 1983, however, only lies against a defendant acting "under color of state

---

[3] Although Standley's complaint requests "assistance" for his disability, he does not bring a claim under the Americans with Disabilities Act or Rehabilitation Act for reasonable accommodations, alleges no facts describing his disability, and points to no request for a reasonable accommodation made to the prison in which he describes his disability. Any claim for an accommodation is therefore unexhausted. *See Butler v. Adams*, 397 F.3d 1181, 1183 (9th Cir. 2005).

law." *Pasadena Republican Club v. W. Justice Ctr.*, 985 F.3d 1161, 1167 (9th Cir. 2021) (quoting *Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742, 747 (9th Cir. 2020)). And Standley does not identify any state actor responsible for blocking the phone number.[4] The district court therefore appropriately dismissed this claim.

4. Standley appeals the district court's dismissal of his claim that the defendants unlawfully read his "legal mail" outside of his presence. None of the mail identified in the record, however, includes "legal mail"—i.e., confidential communications from an attorney. *See Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1210 (9th Cir. 2017) (explaining that a prisoner has a right to have "confidential legal mail" opened in his presence because he might otherwise "be wary of engaging in future communication about privileged legal matters"). Standley therefore had no right to have that mail opened only in his presence. *See id.*

Standley also appeals the district court's dismissal of his claim that prison staff confiscated photographic and documentary evidence his father sent him through the mail. Standley's complaint alleges that, when he complained to mail room staff, they told him that they could restrict any non-legal mail for any reason. The district court dismissed this claim because this mail did not constitute legal

---

[4] Although Standley alleges that Fire Chief York failed to sufficiently investigate why the phone number was blocked, he does not explain why Fire Chief York had any constitutional obligation to do so. An exhibit attached to Standley's complaint, moreover, reveals that Fire Chief York determined that the phone number had been blocked by its owner.

mail. But prisoners "enjoy[] a First Amendment right to send and receive mail," even when the mail is not sent to or from an attorney. *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). And although this right is subject to reasonable regulations, *see id.* (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987)), the defendants identify no such regulations on appeal, instead resting solely on the ground that the relevant mail was not "legal mail." We therefore reverse the district court's dismissal of this claim and remand for further proceedings.[5]

5. Standley appeals the district court's grant of summary judgment on his claim that he was unlawfully denied access to mail stamped with adhesive postage. The district court found that the MSP's policy prohibiting adhesive postage stamps was "reasonably related to legitimate penological interests" under *Turner*, 482 U.S. at 89, because it prevented inmates from smuggling contraband under adhesive stamps, and because mail could instead be sent via prepaid envelopes or metered mail from the post office. Undisputed evidence in the record supports the district court's determination, and Standley makes no argument to the contrary on appeal.

---

[5] Standley also submitted a letter to the district court stating that he attempted receive by mail a book (which the prison blocked), and that he "suspected" the prison did not mail out his tax return because the tax return did not appear on a list of his mail produced in discovery. Standley did not raise any claims based on these incidents, however, even though the district court provided him with the opportunity to bring a claim if he determined that his tax return had not been sent.

We therefore affirm the district court's grant of summary judgment on this claim.[6]

**AFFIRMED in part, REVERSED in part, and REMANDED.[7]**

---

[6] Standley has expressly waived his challenge to the district court's decision not to appoint him counsel. And though he requests review of the district court's decision not to grant him an order of protection, he has forfeited his request by failing to make any argument in support of it. *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992) (deeming an issue abandoned when a pro se litigant did not support the issue with argument in his brief).

[7] The parties shall bear their own costs on appeal.